**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) XOUCHI JONATHAN THAO, Special Administrator For The Estate of KONGCHI JUSTIN THAO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-1175-PRW JURY TRIAL DEMANDED |
| (2) GRADY COUNTY CRIMINAL JUSTICE AUTHORITY, | ) ) ) | |
| (3) JAMIE MEYER, In his official and individual capacities, | ) ) | |
| (4) JOHN BAKER, In his official and individual capacities, | ) ) | |
| (5) RALPH BEARD, In his official and individual capacities, | ) ) | |
| (6) JIM WEIR, In his official and individual capacities, | ) ) | |
| (7) JACK WEAVER, In his official and individual capacities, | ) ) | |
| (8) JIM GERLOCK[1], In his official and individual capacities, | ) ) | |
| (9) TREVOR HENNEMAN, In his official and individual capacities, | ) ) | |
| (10) JOHN AND JANES DOES 1-10, | ) ) | |
| Defendants. | ) | |

**DEFENDANTS MEYER, BAKER, BEARD, WEIR, WEAVER,**
**AND GERLACH'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Jamie Meyer, in his official and individual capacities; John Baker, in his official and individual capacities; Ralph Beard, in his official and individual capacities; Jim Weir, in his official and individual capacities; Jack Weaver, in his official

---

[1] Gerlach is the correct spelling.

and individual capacities; and Jim Gerlach[2], in his official and individual capacities, ("Defendants") submit this Motion to Dismiss Plaintiff's claims against them set forth in the Plaintiff's Complaint (Dkt. 1-2)[3], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S.41 (1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide

---

[2] This is the correct spelling and will be used throughout this brief.

[3] As Plaintiff's initial pleading was filed in state court, it is entitled "Petition." However, the pleading will be referred to herein as the "Complaint," in conformance with the nomenclature utilized by the federal courts.

the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

The rule in *Twombly* has been applied by the Tenth Circuit. *See Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Twombly* "articulated a new 'plausibility' standard under which a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"); *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (similarly recognizing the plausibility standard); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting *Twombly's* observation that the previous standard of evaluating motions to dismiss in federal court "has earned its retirement").

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts

3

"merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

## PROPOSITION I:

### Plaintiff's Claims Against the Defendants in Their Official Capacities Should be Dismissed as Unnecessarily Duplicative and Redundant

Plaintiff has sued the Defendants in both their individual and official capacities. In his First, Second, Third, Sixth, and Seventh Claims, Plaintiff asserts 42 U.S.C. § 1983 claims against the Defendants in their official capacities.[4] However, Plaintiff's official capacity claims against the Defendants should be dismissed as they are unnecessarily duplicative and redundant.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). *See also Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). In that regard, the Supreme Court has recognized that "[t]here is no longer a need to bring

---

[4] In order for a § 1983 official capacity claim to be viable, the official sued must have "final policymaking authority" with regard to the subject matter for which liability is sought. *See Gros v. City of Grand Prairie, Tex.*, 181 F. 3d 613, 615 (5th Cir. 1999) (quoting *Jett v. Dallas Independent School District,* 491 U.S. 701, 737, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)). Here, Defendants deny that Defendant Gerlach has an official capacity with regard to Plaintiff's claims because he does not have final policy-making regarding the operations of the Grady County Criminal Justice Center. Likewise, Defendants Meyer, Baker, Beard, Weir, and Weaver also did not have official capacities with regard to Plaintiff's claims because none of them alone possesses final policy-making authority regarding the operations of the Center. Rather, they exercise such policy-making authority as a collective Board of Trustees. To the extent these are issues of fact, Defendants do not rely on them in support of their Motion.

official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, n.14. Here, in addition to the Defendants in their official capacities, Plaintiff has also named the subject local governmental entity, the Grady County Criminal Justice Authority[5], as a party defendant. Accordingly, Plaintiff's claims against the Defendants in their official capacities should be dismissed as unnecessarily duplicative and redundant. *See Moore v. Board of County Com'rs of County of Leavenworth*, 470 F.Supp.2d 1237, 1255 (D. Kan. 2007), *acff'd*, 507 F.3d 1257 (10th Cir. 2007).

## PROPOSITON II:

### Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1983 Claim Against the Defendants in Their Individual Capacities

In his Fourth Claim, Plaintiff asserts claims for failing to protect the Decedent from suicide and for excessive force against the Defendants in their individual capacities under 42 U.S.C. § 1983 premised on a theory of supervisory liability. (Dkt. 1-2, p. 13)[6]. However, Plaintiff has failed to state a § 1983 claim for supervisory liability against the individual Defendants which is plausible on its face.

Supervisory "status by itself is insufficient to support liability." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (citing *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S. Ct. 598, 606-07, 46 L. Ed. 2d 561 (1976)). It is insufficient for Plaintiff to merely

---

[5] Under Oklahoma law, the Authority is an independent legal entity and a political subdivision of the State of Oklahoma. *See* Okla. Stat. tit. 51, § 152(11); Okla. Stat. tit. 60, § 176.1(A) and (D).
[6] Plaintiff's individual liability claims set forth in the Fifth, Eight, and Ninth Claims are asserted against Defendant Henneman and the John and Jane defendants, not against these Defendants.

show that the Defendants had authority over others who are alleged to have directly violated the Decedent's constitutional rights. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Additionally, "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3rd Cir. 1989). Rather, in order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of constitutional rights must be established. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but who did not assist or direct other officer in removing arrestee from vehicle did not violate Fourth Amendment; he did not "personally participate" in the use of the twist-lock restraint). Accordingly, Plaintiff must demonstrate "a deliberate, intentional act" by [the Defendants] to violate constitutional rights." *Id.* at 994-95. Furthermore, "'[L]iability under §1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant and not upon mere negligence.'" *Murrell v. School Dist. No. 1, Denver, Colo.,* 186 F. 3d 1238, 1250 (10th Cir. 1999) (citing *Woodward v. City of Worland,* 977 F. 2d 1392, 1399 (10th Cir. 1992)).

In order to prevail on such a claim, Plaintiff must present evidence of an affirmative link between the alleged constitutional violations and the Defendant's actions. *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014).

> This requires "more than a supervisor's mere knowledge of his [or her] subordinate's conduct"…Rather a plaintiff must satisfy "three elements…to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind."

6

*Id.* (quoting *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, (10th Cir. 2013)). Furthermore, in order to establish a failure to supervise claim, Plaintiff "must show that the defendant was adequately put on notice of prior misbehavior." *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979)

In the wake of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), which "articulated a stricter liability standard for…personal involvement," *Schneider*, 717 F.3d at 768, the exact contours of the first element of supervisory liability remain somewhat unclear. *Estate of Booker*, *supra*.

"The second elements 'requires the plaintiff to show that the defendant's alleged actions(s) caused the constitutional violation' by setting 'in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff or her constitutional rights.'" *Estate of Booker*, *supra*. (quoting *Schneider*, 717 F.3d at 768). "The third element 'requires the plaintiff to show that the defendant took the alleged actions with the requisite state of mind…" *Id.* (quoting *Schneider*, 717 F.3d at 769). This state of mind "'can be no less than the *mens rea* required' of the subordinates to commit the underlying constitutional violation…" *Id.* (quoting *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). Here, Plaintiff identifies two distinct underlying violations of the Decedent's constitutional rights – the failure to protect him from committing suicide and the use of excessive force against him. Each of these alleged violations is discussed, in turn, below.

Claims that jail officials failed to protect an inmate from committing suicide are analyzed under § 1983 as analogous to claims for denial of medical care. S*ee Barrie v. Grand County, Utah*, 119 F.3d 862, 866 (10th Cir. 1997); *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994). In that regard, the Eighth Amendment requires prison officials to provide humane conditions of confinement, including access to the basic necessities of health care.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The United States Supreme Court has made clear that "deliberate indifference to serious medical needs of prisoners" may amount to a violation of the Eighth Amendment and state a cause of action under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 104.  However, mere negligence – even gross negligence – is insufficient to support a claim of deliberate indifference under § 1983. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495 (10th Cir. 1990) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 and n. 7, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)); *see also Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("[D]eliberate indifference is a stringent standard of fault, requiring proof that [an] actor disregarded a known or obvious consequence of his action."). "It is obduracy and wantonness, not inadvertence or error in good faith," that violate the Constitution with regard to the "supplying of medical needs..."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  A § 1983 claim alleging inadequate or delayed medical care involves "both an objective and subjective component, such that [the Court] must determine both whether the deprivation is

8

sufficiently serious and whether the government official acted with a sufficiently culpable state of mind." *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276 (10th Cir. 2001).

As to the objective component, a medical need is considered sufficiently serious if a physician has diagnosed the condition and mandated treatment, or the condition is so obvious that even a lay person would easily recognize the medical necessity for a doctor's attention. *Oxendine,* 241 F.3d at 1276. A plaintiff must further demonstrate that the defendant's failure to timely meet that objective medical need caused him to suffer substantial harm. *Id.* at 1276-77. Suicide is considered an objectively serious harm sufficient to meet the objective component of the deliberate indifference test. *See Cox v. Glanz*, 800 F.3d 1231, 1240, n.3 (10th Cir. 2015).

As to the subjective prong of this test, a plaintiff must establish that a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847). In that regard, a plaintiff must show that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the defendant actually drew that inference. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference is characterized by "obduracy and wantoness." *Whitley, supra.* "[A]n inadvertent failure to provide medical care does not rise to a constitutional violation." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal quotations and citations omitted). Moreover, with regard to inmate suicide, it is not sufficient to show that the defendant officer had subjective knowledge of a substantial risk of inmate suicide in general, but rather the subjective

9

component of the deliberate indifference test requires the defendant officer, *including officers sued in their supervisory capacity*, to have subjective knowledge that a specific inmate presents a substantial risk of suicide. *Cox*, 800 F.3d at 1249-52.

Here, Plaintiff has failed to allege sufficient facts to meet the deliberate indifference test with regard to Defendants in their individual capacities. In that regard, the Complaint is completely devoid of any allegations of fact indicating that the Defendants were subjectively aware that the Decedent presented a substantial risk of suicide, or which would even raise a reasonable inference of such subjective knowledge on the part of the Defendants. Plaintiff makes numerous allegations that the Defendants were subjectively aware of a substantial risk of harm to inmates generally from allegedly deficient policies and practices and an alleged lack of supervision. However, such allegations are not sufficient to state a plausible claim for deliberate indifference to a substantial risk that the Decedent would commit suicide. *See Cox*, 800 F.3d at 1249-54 (reversing denial of summary judgment on grounds of qualified immunity to sheriff in his supervisory capacity in spite of evidence of "systemic failings of the Jail's mental-health screening and treatment protocols" where there was no evidence that Sheriff was subjectively aware of a substantial risk of suicide by the decedent inmate). In that regard, Plaintiff's allegations against the Defendants amount to little more than a complaint that the alleged violation of the Decedent's constitutional rights would not have occurred if they had done more than they did. However, that is not a sufficient basis for the imposition of individual supervisory liability. *Sample*, *supra*. Accordingly, Plaintiff has failed to state a plausible § 1983 individual liability claim against the Defendants in their

supervisory capacities with regard to the Decedent's suicide which is plausible on its face, and such claims should be dismissed should be for failure to state a claim upon which relief can be granted.

With regard to Plaintiff's claim of excessive force, the necessary state of mind component for the individual Defendants in their supervisory capacities is deliberate indifference. *See Serna v. Colo. Dept. of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). Prison officials have a constitutional duty to protect prisoners from violence at the hands of others. *Farmer*, 511 U.S. at 833 (citation omitted). A constitutional claim for failure to protect is comprised of two elements - an objective element and a subjective element. The first element requires Plaintiff to show that the Decedent was detained under conditions posing a substantial risk of serious harm. *Id*. at 834. The subjective element requires a showing of a "sufficiently culpable state of mind," amounting to a "deliberate indifference" to a substantial risk of serious harm to an inmate. *Id*. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. As such, in order to demonstrate deliberate indifference on the part of Defendants must show that they were subjectively aware of a substantial and objective risk that Defendant Henneman would use excessive force against the Decedent and that they did not take reasonable steps to prevent that risk of harm. Mere negligence – even gross negligence – is insufficient to support a claim of deliberate indifference under § 1983. *Berry*, *supra*.

Here, however, the Complaint is devoid of any non-conclusory allegations of fact indicating that the Defendants were subjectively aware of a substantial risk that

Defendant Henneman would use excessive force against the Decedent, or anyone else for that matter. Plaintiff alleges that the Defendants "approved the use of force by Henneman against Justin and determined such force was consistent with policy" (Dkt. 1-2, ¶ 65) and that the Defendants "ratified the use of force by Henneman against Justin and the basis for its use." (Dkt. 1-2, ¶ 67). However, these are wholly conclusory allegations and are not supported any specific allegations of fact. In that regard, the Complaint is completely devoid of any allegation of fact indicating that the Defendants conducted any review of or approval of Henneman's actions *prior to* his use of force against the Decedent. To the contrary, Plaintiff's factual allegations clearly indicate that Henneman's use of force against the Decedent was a spontaneous action conducted without prior review and approval by jail administration. (*See* Dkt. 1-2, ¶¶ 36-37).

Moreover, to the extent which Plaintiff may have meant that the Defendants reviewed Defendant Henneman's actions and approved them as consistent with policy after-the-fact, such *post hoc* review and approval is simply insufficient to establish liability under a theory of ratification as it cannot possibly be the "moving force" behind the alleged constitutional violation(s).

> A *post hoc* approval of an action already taken could not possibly be the motivating force for causing the action to be taken.  Thus, in order to impose liability under a ratification based theory, it is necessary to show prior ratification of the policy giving rise to the action alleged to have violated the plaintiff's federal rights, such that the ratification of that policy could be said to be the moving force behind the alleged constitutional violation.

*Gainor v. Douglas County, Georgia*, 59 F. Supp. 2d 1259, 1293 (N.D. Ga. 1998) (footnote and citations omitted). *See also Dempsey v. City of Baldwin*, No. 04-3347, 143

F. App'x 976, 986 (10th Cir. Aug. 22, 2005) (unpublished) ("...ratification must be the moving force, or cause, of the alleged constitutional violation.") (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-27, 108 S.Ct. 915 (1988)).[7]

Plaintiff further alleges that "[u]pon information and belief,…[Defendants] have a history of ratifying excessive TASER use, which motivated and served as the moving force behind the malicious and sadistic use against Justin…" (Dkt. 1-2, ¶ 67). However, this allegation is wholly conclusory and is not supported any specific allegations of fact. Moreover, the allegation is so vague and ambiguous as to be essentially meaningless. Plaintiff's allegations in this regard amount to little more than legal conclusions masquerading as allegations of fact and, as such, they are not entitled to a presumption of truth and are not sufficient to prevent dismissal. *See Anspach*, 503 F.3d at 260; *Iqbal*, 129 S.Ct. at 1949-50. While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. Plaintiff's allegations against the Defendants in this regard amount to nothing more than the "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" and are, thus, insufficient to state a plausible claim under § 1983. *Id*. Regardless, because the Complaint is completely devoid of any specific, non-conclusory allegations of fact indicating that the Defendants were subjectively aware of a substantial risk that Defendant Henneman would use excessive force against the Decedent, Plaintiff has failed

---

[7]Pursuant to 10 Cir. R. 32.1(B), a copy of this unpublished opinion is attached hereto.

to state a plausible § 1983 individual liability claim against the Defendants in their supervisory capacities with regard to the alleged use of excessive force. Consequently, such claims against the Defendants should be dismissed should be for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants Jamie Meyer, in his official and individual capacities; John Baker, in his official and individual capacities; Ralph Beard, in his official and individual capacities; Jim Weir, in his official and individual capacities; Jack Weaver, in his official and individual capacities; and Jim Gerlach, in his official and individual capacities, respectfully request this Court dismiss Plaintiff's claims against them pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Andy A. Artus
Andy A. Artus, OBA No. 16169
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:    (405) 524-2078
Email:         aaa@czwlaw.com

ATTORNEY FOR DEFENDANTS
JAMIE MEYER, JOHN BAKER,
RALPH BEARD, JIM WEIR, JACK
WEAVER, JIM GERLOCK

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants. Also, I have mailed through the U.S. Postal system prepaid the above document to:

J. Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL LAW, PLLC
3015 E. Skelly Dr., Suite 400
Tulsa, OK 74105
sjterrill@bryanterrill.com
jsbryan@bryanterrill.com
***Attorney for Plaintiffs***

                                              s/Andy Artus_____
                                              Andy Artus