## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

(1)    XOUCHI JONATHAN THAO,
       SPECIAL ADMINISTRATOR FOR
       THE ESTATE OF KONGCHI JUSTIN THAO,

           PLAINTIFF,

v.                                                    CASE NO.: CIV-19-1175-JD

(2)    GRADY COUNTY CRIMINAL JUSTICE
       AUTHORITY, ET AL.

           DEFENDANTS.

## PLAINTIFF'S MOTION FOR PARTIAL
## SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 56, Plaintiff Estate files this Motion for Partial

Summary Judgment and Brief in Support against Grady County Criminal Justice

Authority (GCCJA). As set forth below, there are no genuine disputes as to any

material fact related to the issue raised by the motion, and Estate is entitled to

judgment as a matter of law.

## BACKGROUND

This is a civil rights case under 42 U.S.C. § 1983 brought by the Estate of

Justin Thao (Estate) against two defendants: the GCCJA and former Detention

Officer Trevor Henneman (Henneman). *See* Complaint (ECF 1-2). The Estate

asserts claims arising from the death of Justin Thao (Justin[1]) while in custody at the jail operated by GCCJA and excessive use of force used by Henneman when tasing Justin while he was being transported in an elevator with Henneman and five other Detention Officers. *Id.*

Among the claims against Defendants, the Estate brings claims against Henneman individually for excessive force in tasing Justin and the GCCJA for its policies and practices authorizing that same use of force. *See* ECF 1-2 at 14-15 (Fifth Claim against Henneman individually and Sixth Claim against GCCJA for policies and practices). Henneman admits that he used his Taser on Justin and the GCCJA admits that such use was consistent with the its official written policy or practices. Undisputed Fact No. 2 (Taser use); Undisputed Fact No. 3 (policy or practices).

<u>UNDISPUTED FACTS PURSUANT TO LCvR56.1</u>

1.      The GCCJA operates the Grady County Law Enforcement Center (Jail). Ex. 1 ¶ 1 (GCCJA Answer to Open Records Act Petition).

2.      Defendant Henneman used his Taser device on Justin Thao while transporting him in an elevator in the Jail. Henneman Answer (ECF 4) ¶ 37.

---

[1] We refer to Justin Thao by his first name to avoid confusion with his brother, Plaintiff Jonathan Thao, Special Administrator of the Estate.

3.      Defendant Henneman's tasing of Justin Thao while transporting him in an elevator in the Jail was consistent with the GCCJA's official written policy or practices. Ex. 2 (GCCJA Responses to Estate's First Set of Requests for Admissions ¶ 5).

ARGUMENT

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Courts consider the "factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182-83 (10th Cir. 1995) (quoting *Blue Circle Cement, Inc. v. Bd. of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir. 1994)); *see also* Fed. R. Civ. P. 56(c). Rule 56 expressly contemplates that summary judgment may be issued on only part of a claim or defense. Fed. R. Civ. P. 56(a). Thus, "partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment.

This Motion for Partial Summary Judgment relates only to Henneman's use of force against Justin in the Jail elevator. GCCJA has admitted that Henneman's use of his Taser on Justin was consistent with the GCCJA's official written policies or practices. Undisputed Fact No. 3. The Estate seeks a determination by the Court

of municipal liability against the GCCJA if Henneman's use of force is found to be excessive. Thus, this motion seeks to narrow an important issue for trial, but does not ask the Court to find that the force used was unreasonable as a matter of law.

To establish municipal liability under § 1983, a plaintiff must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

A plaintiff establishes municipal liability when a municipal defendant admits that particular actions taken were consistent with the municipality's policies or practices. In *Russo v. Bridgeport*, 479 F3d 196 (2d Cir. 2007), the plaintiff alleged that the City of Bridgeport failed to train and supervise its officers in the handling of exculpatory evidence. *Id*. at 212. The court granted the City's motion for summary judgment on that issue. *Id*. at 203. The City had admitted in response to the plaintiff's requests for admissions that "all individual defendants . . . acted toward the Plaintiff in accordance with custom, policy and practice." *Id*. at 212. The Court of Appeals, therefore, reversed the district court's summary judgment in favor of the City.

Numerous courts have similarly held that an admission that actions by individual officers were consistent with municipal policy or practice establishes

municipal liability if those actions violated the Constitution. *See, e.g.*, *Kersh v. Derozier*, 851 F.2d 1509, 1512-1513 (5th Cir. 1988) (Defendant city liable where it admitted through final pretrial order that individual officers' acts and omissions "at all times relevant hereto were in compliance with the actual customs, policies, practices and procedures" of the city); *Am. Honda Fin. Corp. v. Twp. of Aston*, 546 F. Supp.3d 371, 383 (E.D. Pa. 2021) ("unconstitutional custom or practice" may be established by a municipality's admissions in discovery); *Strachan v. City of Federal Height, Colorado*, 837 F. Supp. 1086, 1092 (D. Colo. 1993) (response to request for admission admitting that officer's shooting of plaintiff with a shotgun "was in conformance with the custom and policy of the City of Federal Heights" thereby "conclusively established" municipal policy, though left open the question of whether the shooting deprived the plaintiff of his constitutional rights).

The Estate in this case served a request for admission on the GCCJA that "Jail staff acted consistent with official written policy or practices in place at the GCLEC in the use of the taser against Justin Thao." Undisputed Fact No. 3. The GCCJA admitted the request, subject to the objection that the term "jail staff" is vague. *Id*. Even if that objection had merit, it would not affect the admission that Henneman's tasing of Justin was consistent with the GCCJA's policies or practices and is, therefore, attributable to the GCCJA for purposes of municipal liability.

5

## CONCLUSION

For the foregoing reasons, the Court should grant the Estate's Motion for

Partial Summary Judgment and order that GCCJA is liable for its employees'

Taser use on decedent Justin Thao, if the jury finds that such use violated the

Constitution.

Respectfully submitted,

s/Glenn Katon
Glenn Katon (pro hac vice)
Katon.Law
385 Grand Ave., Ste 200
Oakland, CA 94610
T: (510) 463-3350
F: (510) 463-3349
Email: gkaton@katon.law

and

Steven J. Terrill, OBA # 20869
J. Spencer Bryan, OBA # 19419
BRYAN & TERRILL LAW, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
T/F:   (918) 935-2777
Email: sjterrill@bryanterrill.com
Email: jsbryan@bryanterrill.com

COUNSEL FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

On March 27, 2023, I served counsel of record in this case with the foregoing document through the court's ECF system.

s/Glenn Katon        
Glenn Katon
