IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | XOUCHI JONATHAN THAO, Special Administrator For The Estate of KONGCHI JUSTIN THAO, | ) ) ) ) ) | |
| | Plaintiff, | ) ) ) | |
| v. | | ) ) | Case No. CIV-19-1175-JD JURY TRIAL DEMANDED |
| (2) | GRADY COUNTY CRIMINAL JUSTICE AUTHORITY, | ) ) | |
| (3) | JAMIE MEYER, In his official and individual capacities, | ) ) | |
| (4) | JOHN BAKER, In his official and individual capacities, | ) ) | |
| (5) | RALPH BEARD, In his official and individual capacities, | ) ) | |
| (6) | JIM WEIR, In his official and individual capacities, | ) ) | |
| (7) | JACK WEAVER, In his official and individual capacities, | ) ) | |
| (8) | JIM GERLOCK, In his official and individual capacities, | ) ) | |
| (9) | TREVOR HENNEMAN, In his official and individual capacities, | ) ) | |
| (10) | JOHN AND JANES DOES 1-10, | ) ) | |
| | Defendants. | ) | |

**NOTICE OF SUBPOENAS DUCES TECUM**

Pursuant to the provisions of Rule 45 of Federal Rules of Civil Procedure for the United States District Court and Local Court Rule 45.l(a) for the Western District of Oklahoma, the Defendant, Grady County Criminal Justice Authority, will cause to have issued the following subpoena requesting records pertaining to this matter, a copy of which is attached hereto. No testimony will be taken, and the entities to whom the subpoena is

directed is being ordered only to produce the documents or things for inspections and/or copying to the offices of Collins, Zorn & Wagner, 429 N.E. 50th Street, Second Floor, Oklahoma, 73105. The Subpoena shall be served seven (7) days from the date of this Notice.

Dated: June 28th, 2023

                        Respectfully submitted,

                        s/W.R. Moon Jr.
                        Andy A. Artus, OBA No. 16169
                        W.R. Moon, OBA No. 32079
                        COLLINS, ZORN & WAGNER, PLLC
                        429 N.E. 50th Street, Second Floor
                        Oklahoma City, OK  73105
                        Telephone:   (405) 524-2070
                        Facsimile:   (405) 524-2078
                        Email:          aaa@czwlaw.com
                                             wrm@czwlaw.com

                        ATTORNEY FOR DEFENDANTS
                        GRADY COUNTY CRIMINAL
                        JUSTICE AUTHORITY

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants. Also, I have mailed through the U.S. Postal system prepaid the above document to:

J. Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
sjterrill@bryanterrill.com
jsbryan@bryanterrill.com

Glenn Katon
Katon Law
385 Grand Ave., Ste. 200
Oakland, CA 94610
gkaton@katon.law

*Attorneys for Plaintiffs*

Jessica L. Dark, OBA No. 31236
Robert S. Lafferrandre, OBA No. 11897
Pierce Couch Hendrickson Baysinger
 & Green, L.L.P
1109 N. Francis Ave.
Oklahoma City, OK 73106
jdark@piercecouch.com
rlafferrandre@piercecouch.com

*Attorneys for Trevor Henneman*

                                                s/W.R. Moon, Jr._____
                                                W.R. Moon, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) XOUCHI JONATHAN THAO, Special Administrator For The Estate of KONGCHI JUSTIN THAO, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-1175-JD<br>JURY TRIAL DEMANDED |
| (2) GRADY COUNTY CRIMINAL JUSTICE AUTHORITY, | ) ) ) | |
| (3) JAMIE MEYER, In his official and individual capacities, | ) ) | |
| (4) JOHN BAKER, In his official and individual capacities, | ) ) | |
| (5) RALPH BEARD, In his official and individual capacities, | ) ) | |
| (6) JIM WEIR, In his official and individual capacities, | ) ) | |
| (7) JACK WEAVER, In his official and individual capacities, | ) ) | |
| (8) JIM GERLOCK, In his official and individual capacities, | ) ) | |
| (9) TREVOR HENNEMAN, In his official and individual capacities, | ) ) | |
| (10) JOHN AND JANES DOES 1-10, | ) ) | |
| Defendants. | ) | |

**SUBPOENA DUCES TECUM**

TO:  National Hmong American Farmers
6366 N. Figarden Drive
Ste. 101A
Fresno, OK 93722

YOU ARE HEREBY COMMANDED produce and permit inspection and copying of the following documents or objects to the offices of Collins, Zorn & Wagner, 429 N.E. 50th Street, Second Floor, Oklahoma, 73105 on the 19th day of July, 2023 at 9:00 a.m.

These documents are requested by the Defendant, Grady County Criminal Justice Authority, in the above-styled action pending in the United States District Court for the Western District of Oklahoma.

**RE: Kongchi Justin Xaochay Thao; DOB: xx/xx/1997**
Any and all records in your possession of the complete file, as listed on the attached exhibit.

In order to allow objections to the production of documents to be filed, you should not produce them until the date and time specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

This subpoena is authorized pursuant to Rule 45 of Federal Rules of Civil Procedure for the United States District Court.   Under Fed. R. Civ. P. 45(a)(4), all parties to this case are being given notice that this subpoena is to be   served.   Fed. R. Civ. P. 45(a)(4) allows the person to whom this subpoena is directed 14 days from the date of service to file any legal objections thereto.

**HERETO** fail not, under penalty of law.

IN WITNESS WHEREOF, I, W.R. Moon, Jr., as an Officer of the Court and as an attorney authorized to practice law in the State of Oklahoma, hereby issue said subpoena on this 28$^h$ day of June, 2023.

Respectfully submitted,

s/W.R. Moon Jr.
Andy A. Artus, OBA No. 16169
W.R. Moon, OBA No. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK   73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
Email:       aaa@czwlaw.com
             wrm@czwlaw.com

ATTORNEY FOR DEFENDANTS
GRADY COUNTY CRIMINAL
JUSTICE AUTHORITY

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

TO the EMPLOYER:   National Hmong American Farmers

You are hereby requested to permit any representative of the firm of Collins Zorn & Wagner, PLLC (hereafter the "Bearer") to examine, reproduce, or otherwise copy in any manner, the following records in your possession. This authorization requires only the production of documents.

1. Documents and/or materials relating to the application process including resumes, curricula vitae, applications, resumes, lists and/or letters of references and/or notes of interviews.
2. Documents and/or materials relating to the hiring processing including letters of offer/acceptance, new hire and employee forms, wage/salary forms, benefit forms, notification forms, and/or insurance forms.
3. Documents and/or materials relating to evaluation or appraisal including evaluations, appraisals, praise, criticism, commendations, reprimands, notices, notes, self-appraisals, letters, grades, salary or wage changes, promotions, demotions, pass-overs, reassignments, disciplinary actions, and comments relating to employee's evaluation or appraisal.
4. Documents and/or materials relating to employee's health including reports relating to accidents and injuries occurring during the term of employment, sick day records, medical records, doctor's notes, correspondence, health insurance claims, health insurance payments, workers' compensation claims, workers' compensation payments, hospital records and notes relating to employee's health.
5. Documents and/or materials relating to employee's attendance including attendance records, punch cards, calendars and/or notes related to employee's attendance.
6. Documents and/or materials relating to compensation including ledgers, W-2's, tax forms, deductions, checks, salary statements, wage statements and/or notes related to compensation.
7. Documents and/or materials relating to discharge including resignations, terminations, lay-offs, firings, departures, failure-to-return-to-works and/or notes related to discharge.
8. Personnel files having to do with the employee.

I understand that I may revoke this consent at any time and that upon fulfillment of the above-stated purpose(s), this consent will automatically expire without my express revocation. This authorization shall remain effective for **six months** from the date hereof. A photocopy of this authorization will be treated in the same manner as the original.

A photocopy of this authorization is to be treated in the same manner as the original copy.

Dated: 12/22/2022

Signed: *[signature]*
Employee:  Kongchi Justin Xaochay Thao aka Justin Thao
Social Security Number:  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
Date of Birth: 09/02/1997

Signed by: Xouchi Jonathan Thao, Special Administrator for the Estate of Kongchi Justin Thao

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | XOUCHI JONATHAN THAO, Special Administrator For The Estate of KONGCHI JUSTIN THAO, | ) ) ) ) | |
| | Plaintiff, | ) ) ) | |
| v. | | ) ) | Case No. CIV-19-1175-JD JURY TRIAL DEMANDED |
| (2) | GRADY COUNTY CRIMINAL JUSTICE AUTHORITY, | ) ) | |
| (3) | JAMIE MEYER, In his official and individual capacities, | ) ) | |
| (4) | JOHN BAKER, In his official and individual capacities, | ) ) | |
| (5) | RALPH BEARD, In his official and individual capacities, | ) ) | |
| (6) | JIM WEIR, In his official and individual capacities, | ) ) | |
| (7) | JACK WEAVER, In his official and individual capacities, | ) ) | |
| (8) | JIM GERLOCK, In his official and individual capacities, | ) ) | |
| (9) | TREVOR HENNEMAN, In his official and individual capacities, | ) ) | |
| (10) | JOHN AND JANES DOES 1-10, | ) ) | |
| | Defendants. | ) | |

## SUBPOENA DUCES TECUM

TO:  United States Marshals Service
c/o Johnny Kuhlman
Johnny.Kuhlman@usdoj.gov
200 NW 4th Street, Room 2022
Oklahoma City, OK 73102

YOU ARE HEREBY COMMANDED produce and permit inspection and copying of the following documents or objects to the offices of Collins, Zorn & Wagner, 429 N.E. 50th Street, Second Floor, Oklahoma, 73105 on the 19th day of July, 2023 at 9:00 a.m.

These documents are requested by the Defendant, Grady County Criminal Justice Authority, in the above-styled action pending in the United States District Court for the Western District of Oklahoma.

> **RE: Prisoner, Kongchi Justin Xaochay Thao (Fed#86863380)**
> Any and all records in your possession of the complete prisoner/inmate file including court and law enforcement records of his underlying criminal convictions that may be of the United States Marshals Service ("USMS") possession, any incident reports, disciplinary records, and the investigation of this offender's death while in federal custody, correspondence between USMS or its agents, with GCLEC/GCCJA with respect to the death of individual referenced above;
> <u>*WITH ALSO*</u> the medical, mental health and substance abuse records, including, but not limited to: new patient intake paperwork, patient history, visit notes, evaluations, progress notes, all correspondence, interviews, etc.

In order to allow objections to the production of documents to be filed, you should not produce them until the date and time specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

This subpoena is authorized pursuant to Rule 45 of Federal Rules of Civil Procedure for the United States District Court.  Under Fed. R. Civ. P. 45(a)(4), all parties to this case are being given notice that this subpoena is to be  served.   Fed. R. Civ. P. 45(a)(4) allows the person to whom this subpoena is directed 14 days from the date of service to file any legal objections thereto.

**HERETO** fail not, under penalty of law.

IN WITNESS WHEREOF, I, W.R. Moon, Jr., as an Officer of the Court and as an attorney authorized to practice law in the State of Oklahoma, hereby issue said subpoena on this 28$^h$ day of June, 2023.

Respectfully submitted,

s/W.R. Moon Jr.
Andy A. Artus, OBA No. 16169
W.R. Moon, OBA No. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK   73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
Email:       aaa@czwlaw.com
             wrm@czwlaw.com

ATTORNEY FOR DEFENDANTS
GRADY COUNTY CRIMINAL
JUSTICE AUTHORITY

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).