IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| XOUCHI JONATHAN THAO,<br>Special Administrator for the Estate<br>of KONGCHI JUSTIN THAO,<br><br>    Plaintiff,<br><br>v.<br><br>GRADY COUNTY CRIMINAL JUSTICE<br>AUTHORITY; et al.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-19-1175-JD<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

**DEFENDANT GRADY COUNTY CRIMINAL JUSTICE AUTHORITY'S
<u>MOTION TO STRIKE AND RESET TRIAL DATE</u>**

  The Defendants Grady County Criminal Justice Authority ("Defendant") pursuant to LCvR 7.1(h), respectfully asks this Court to strike and reset the trial date currently set for the December 5, 2023 trial docket in the above-styled case. In support of this Motion, Defendant would advise the Court as follows:

  1.  This case is set for trial on the December trial docket beginning December 5, 2023. (Dkt. 81).

  2.  Identified as a witness by Plaintiff and Defendant is GCCJA Jail Administrator Jim Gerlach. (Dkts. 92, 101).

  3.  Plaintiff has indicated that he expects to call Mr. Gerlach at trial. *See* Dkt. 92. Mr. Gerlach is also a critical witness on behalf of the Defendant, as he is, and was at the time of the events at issue, the Jail Administrator for the GCCJA.

  4.  Prior to this case being set on the December Trial docket it was set on the September trial docket beginning September 12, 2023. (Dkt. 58.)

5.      The Second Amended Scheduling Order was entered by this Court on April 10, 2023.

6.      On July 25, 2023, Mr. Gerlach informed the undersigned that on March 23, 2023 he had purchased a non-refundable two-week cruise with his elderly mother departing from Panama. The cost to Mr. Gerlach for this cruise was $4,432.98, which is not refundable. Further, due to her age and necessary assistance Mr. Gerlach provides to his mother, Mr. Gerlach's mother would not be able to go on the cruise either.

7.      On July 28, 2023, the undersigned spoke with opposing counsel about Mr. Gerlach's conflict and the possibility of a new trial setting. Opposing counsel indicated that so long as the trial date was not well into 2024 there would likely be no objection. Accordingly, opposing counsel wished to know the next available trial docket prior to providing a position as it regarding a request to strike and reset the trial date. See Exhibit 1, E-mail exchange.

8.      On August 9, 2023, the undersigned was advised by chambers that the Court held a monthly trial docket and that while a January setting might be unlikely there was a reasonable likelihood of a setting in the early part of 2024.

9.      Counsel for Defendant notified Plaintiff's counsel on August 9, 2023 that the Court held a monthly trial docket and that a setting in the early part of 2024 was a reasonable likelihood. *Id.* Plaintiff's counsel indicated that they objected to any continuance of the trial setting to due to conflicts with their expert's schedules.

10.     Plaintiff's counsel indicated that Plaintiff's experts were unavailable in the early part of 2024 as follows:

| Plaintiff's Expert | Dates Unavailable |
|---|---|
| Dr. Anasseril Daniel | Trial beginning February 12, 2024. |

| Barry Dickey | Not provided to Defendant / unknown. |
|---|---|
| Justin Jones | Unavailable January 2-9, 2024. |
| Dr. Evan Matshes | Unavailable January 2-12, January 22-26, February 12-16, February 26, March 28 – April 4, and April 25, 2024 |

11. This is the third request for an extension of the trial setting. Through previous scheduling orders, the Court has reset the trial setting in this case previously on December 13, 2022, and again April 10, 2023.

12. Defendant's request that the Court reset the trial date to the March trial docket as that would appear not to conflict with any known expert's schedule. Alternatively, Defendant requests the Court reset the trial date to any other date it deems suitable.

13. As noted above, Plaintiff is opposed to the requested relief.

14. This request is not being made for purposes of undue delay, evasion or unfair advantage; it is made in good faith.

15. A proposed Order is being submitted with this Motion.

WHEREFORE, for premises considered, Defendant Grady County Criminal Justice Authority would respectfully ask this Court to strike the current trial date, to be reset to the March trial docket or any other docket the Court deems suitable.

    Respectfully submitted,

    s/W.R. Moon Jr.
    Andy A. Artus, OBA No. 16169
    W.R. Moon, OBA No. 32079
    COLLINS, ZORN & WAGNER, PLLC
    429 N.E. 50th Street, Second Floor
    Oklahoma City, OK   73105
    Telephone:   (405) 524-2070
    Facsimile:   (405) 524-2078
    Email:       aaa@czwlaw.com
                  wrm@czwlaw.com

ATTORNEY FOR DEFENDANTS<br>
GRADY COUNTY CRIMINAL<br>
JUSTICE AUTHORITY

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants.

J. Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
sjterrill@bryanterrill.com
jsbryan@bryanterrill.com

Glenn Katon
Katon.Law
385 Grand Ave., Ste. 200
Oakland, CA 94610
gkaton@katon.law

*Attorneys for Plaintiffs*

s/W.R. Moon, Jr._____
W.R. Moon, Jr.